IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.H.E. INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 11-cv-254 |
| | ) | |
| JAMES D. MARTIN, also known as | ) | |
| JAMES D. MARTIN, III, individually and | ) | |
| trading as MARTIN AUTO SALES, | ) | |
| TIMOTHY W. DOBRYZSKI, COLLEEN A. | ) | |
| DOBRYZSKI, WEST ALEXANDER | ) | |
| AGRICULTURAL ASSOCIATION and | ) | |
| JOHN WELLING, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently pending before the Court for disposition is the MOTION FOR SANCTIONS filed by T.H.E. Insurance Company (Document No. 29) and the RESPONSE TO MOTION FOR SANCTIONS AND MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER OF COURT (Document No. 32) filed by Defendant James D. Martin. The principal issue is whether James D. Martin has violated the Order of Court entered by this Court on April 25, 2012, and is therefore in contempt of Court, and if so, the appropriate sanctions for such contempt.

**Background**

The parties, counsel, and the Court are familiar with the background facts of this case and, therefore, the Court will not recite the facts again. However, the following is a brief recitation of the procedural facts salient to the issues presently before the Court.

On September 30, 2011, the parties participated in an Early Neutral Evaluation ("ENE") with Eugene F. Scanlon, Esquire, serving as the mediator. The ENE culminated in the negotiation of a global settlement of the instant federal declaratory judgment action and the companion state court lawsuit. As part of the global settlement, the parties agreed that Plaintiff T.H.E. Insurance Company would provide to Defendant James D. Martin a/k/a James D. Martin III ("Martin"), and Martin would sign, a standard Release Agreement. Subsequently, Martin refused to sign the standard Release. Plaintiff then filed a Motion to Enforce Settlement Agreement, which was granted by the Court in a Memorandum Opinion and Order of Court filed April 25, 2012. The Court specifically ordered that on or before Friday, May 18, 2012, Defendant Martin "shall execute and deliver to counsel for T.H.E. Insurance Company, a full and final Release in a form acceptable to counsel for T.H.E. Insurance Company, or suffer further sanctions, including contempt of court, by subsequent Order." Memorandum Opinion and Order of Court at 3.

To date, Defendant Martin continues to refuse to execute a full and final Release in a form acceptable to counsel for T.H.E. Insurance Company. Accordingly, Plaintiff filed the instant Motion for Sanctions. In response, Defendant Martin again argues, as he did in his original response to the Petition to Enforce Settlement Agreement, that he "never agreed to provide a release to T.H.E. because it was never discussed with me as part of the global settlement negotiations at the ENE.. . ." Resp. at ¶ 2.

The Court notes that Defendant Martin continues to advance the same arguments that he made in response to the motion to enforce the settlement agreement. These arguments were previously given due consideration and rejected by this Court. The Court finds, as it did

previously, that "Martin's opposition is unfounded, particularly in light of the fact that his own attorney reviewed the standard Release and then forwarded same to Martin for his signature." Memo. Op. at 2.  Accordingly, Martin's Motion for Reconsideration is **DENIED.**

## Standard of Review

In order to find a party in civil contempt, the Court "must find that (i) a valid court order existed, (ii) the [party] had knowledge of the order, and (iii) the [party] disobeyed the order." *John T. ex rel. Paul T. v. Delaware County Intermediate Unit,* 318 F.3d 545, 552 (3d Cir. 2003) (*quoting Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)).  A finding of civil contempt must be supported by "clear and convincing evidence." *Id.*  Thus, "[a] contempt citation should not be granted if there is ground to doubt the wrongfulness of the [party]'s conduct." *Harris*, 47 F.3d at 1326.  Similarly, the "resolution of ambiguities ought to favor the party charged with contempt." *Id.*  However, "[t]he validity of the underlying order is not open to consideration." *Id.*

The burden is on the defendant to "introduce evidence beyond 'a mere assertion of inability,' and to show that it has made 'in good faith all reasonable efforts to comply.' " *Harris,* 47 F.3d at 1324 (citations omitted).  However, good faith alone is not a defense to civil contempt and willfulness is not a necessary element. *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994).

**Discussion**

It is not disputed that (i) the Order of April 25, 2012, is a valid Court order, (ii) Defendant James Martin had notice of the Order of April 25, 2012, and (iii) Defendant Martin, despite the mandate given in the Order of April 25, 2012, continues to refuse to execute a full and final Release in a form acceptable to counsel for T.H.E. Insurance Company. Accordingly, the Court finds and rules that Defendant Martin is without doubt in contempt of the Court's Order of April 25, 2012. The next issue to be addressed is an appropriate sanction for the flagrant disregard by Defendant Martin of the Order of Court filed April 25, 2012.

The Court has "wide discretion in fashioning" an appropriate sanction against a party in contempt. *Robin Woods, Inc.*, 28 F.3d at 399. Willfulness and intent do not factor into the threshold finding of contempt. *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148-49 (3d Cir. 1994).

Plaintiff "proposes as a sanction . . . the imposition of a declaration by this Court that T.H.E. never had a duty to defend or indemnify Martin in the state court lawsuit underlying this Federal Declaratory Judgment action, that no coverage for Martin exists under the T.H.E. policy number 00M7MF5767 for the matters asserted in said action, and that all claims which Martin had or may have against T.H.E. with respect to such matters are hereby fully released." Mot. at ¶ 12.

The Court concludes that Plaintiff's proposed sanction is too broad and overreaching. Accordingly, the Court **ORDERS** as follows:

> DEFENDANT JAMES MARTIN IS HEREBY ORDERED TO
> EXECUTE A FULL AND FINAL RELEASE IN A FORM

ACCEPTABLE TO COUNSEL FOR T.H.E. INSURANCE COMPANY ON OR BEFORE **JUNE 28, 2012.**  IF DEFENDANT MARTIN CONTINUES TO REFUSE TO EXECUTE SAID FULL AND FINAL RELEASE IN A FORM ACCEPTABLE TO COUNSEL FOR T.H.E. INSURANCE COMPANY, THE IMPOSITION OF A FINE OF FIFTY DOLLARS ($50.00) WILL BE IMPOSED UPON DEFENDANT MARTIN FOR EACH DAY THAT DEFENDANT MARTIN FAILS, NEGLECTS AND/OR REFUSES TO SIGN / EXECUTE THE FULL AND FINAL RELEASE.

DEFENDANT MARTIN MAY PURGE HIMSELF OF CONTEMPT BY SIGNING THE FULL AND FINAL RELEASE ON OR BEFORE JUNE 28, 2012 AND RETURNING SAME TO COUNSEL FOR T.H.E. INSURANCE COMPANY.

So **ORDERED** this 14th day of June, 2012.

BY THE COURT:

/s/ Terrence F. McVerry
United States District Court Judge

cc:        Donald G. Lucidi, Esquire
Murphy Taylor, LLC
Email: murphytaylorllc@verizon.net

Colin E. Fitch, Esquire
Marriner, Jones & Fitch
Email: fitch@mjandf.com

Mr. J. D. Martin
555 Route 40
West Alexander, PA 15376
(via United States Postal Service and
Certified Mail, Return Receipt Requested)